IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

```
SOUTHERN DISTRICT OF MISSISSIPPI
      F I L E D
     NOV - 6 2013
     J T NOBLIN CLERK
BY_____ DEPUTY
```

JOSEPH KEPFER, III                                                                                 PLAINTIFF

v.                                                                                           CAUSE NO.: 1:13cv422LG-JMR

CITY OF BAY ST. LOUIS                                                           DEFENDANT

---

**COMPLAINT**
**(Jury Trial Requested)**

---

COMES NOW, the Plaintiff, JOSEPH KEPFER, III ("Kepfer"), and brings this action against the Defendant, CITY OF BAY ST. LOUIS ("City"), to remedy the City's unlawful employment practices and violation of civil rights guaranteed to Kefper, pursuant to the Age and Discrimination in Employment Act of 1967, *as amended,* 29 U.S.C. 621 et seq. (the "ADEA"); Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. (the "ADA"); Civil Rights Act of 1871, *as amended and codified*, 42 U.S.C. § 1983; the Fourteenth Amendment to the United States Constitution; and any other applicable law. Kepfer seeks equitable relief and damages including: declaratory and injunctive relief; back pay; compensatory damages; liquidated damages; punitive damages; and attorneys' fees, costs, and expenses, and all other relief this Court deems just and proper. These violations arise from unlawful intentional discrimination and/or unlawful employment practices against Kepfer, including age discrimination and disability discrimination in termination of employment. Kepfer would show unto the Court the following, to-wit:

### I.     JURISDICTION

1.     This Court has original jurisdiction over Kepfer's claims because they arise under the Constitution and laws of the United States. Jurisdiction is specifically conferred upon this

United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343(4), 2201, and 2202. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981 and 1983. 28 U.S.C. § 1367 gives the District Court supplemental jurisdiction over state law claims.

2. Jurisdiction to grant injunctive and declaratory equitable relief as well as damages is invoked pursuant to 42 U.S.C. §§ 1981 and 1983.

## II. PARTIES

3. Kepfer is a citizen of the United States and resident of Pass Christian, Mississippi, which is in this judicial district. Kepfer was employed at all times pertinent to this action by the Defendant, the City of Bay St. Louis, also located in this judicial district.

4. Defendant, the City of Bay St. Louis, is a municipality and a "public entity" for the purposes of the ADA pursuant to 42 U.S.C. § 12131(1) operating and existing under the laws of the State of Mississippi. The City is also an "employer" under the ADEA pursuant to 29 U.S.C.A. § 630(b); and under Title I of the ADA pursuant to 42 U.S.C.A. § 12111(5). The City employs the Bay Saint Louis Police Department.

## III. VENUE

5. Venue is proper in the United States District Court for the Southern District of Mississippi, pursuant to 28 U.S.C. § 1391, because Defendant resides in this district and/or because a substantial part of the events or omission giving rise to Kepfer's claims stated herein occurred in this district.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES
### U.S. Equal Employment Opportunity Commission Filing

6. The date the discrimination took place was on or about April 2, 2012.

7. Kepfer filed timely Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 29, 2012. (Exhibit "A")

8. Since filing the charge of discrimination with the Equal Employment Opportunity Commission regarding the City's discriminatory conduct, more than 60 days have lapsed.

9. On August 8, 2012, the EEOC issued a Letter of Determination determining that the evidence obtained in their investigation establishes reasonable cause to believe that Kepfer was discriminated against in violation of the ADEA and Title I of the ADA, *as amended*. There was an absence of evidence submitted by the Respondent, Bay St. Louis Police Department, who did not respond. (Exhibit "B")

10. On August 9, 2013, the EEOC and the U.S. Department of Justice issued a Notice of Right to Sue (Exhibit "C" and "D")

11. Accordingly, Kepfer has exhausted his administrative remedies and all conditions precedent to filing this action have been satisfied or otherwise waived prior to bringing this action under the ADEA and ADA.

### V. GENERAL ALLEGATIONS

12. At all times material, Kepfer was an employee and an aggrieved person within the meaning of the ADEA in that he was born on April 4, 1952. Therefore, at the time the City discriminated against Kepfer, he was over the age of forty.

13. Kepfer was a protected individual under the ADA who suffered from cardiac problems and bouts of atrial fibrillation ("Afib"), which first occurred in 2006 while Kepfer was assigned to a traffic detail and left in the sun without cover, relief or anything for several hours and had to be taken to the hospital emergency room via ambulance. The City refused to cover this incident. Since his diagnosis, Kepfer has experienced three to four episodes per year, which require hospitalization for three or four days per episode. Kepfer's doctors have attributed these episodes to sustained high stress situations at work.

14. Kepfer worked for the City of Bay St. Louis for approximately twenty-two (22) years. He began working for the Bay St. Louis Police Department in 1990 and was employed until April 2, 2012.

15. Throughout his employment, Kepfer was qualified for his position and was a hard-working satisfactory employee. At the time of Kepfer's discriminatory discharge, he held the rank of Detective Sergeant.

16. In January of 2012, Kepfer became aware that the Mayor was concerned about the high cost of health insurance, specifically the amount of money Kepfer was costing the City for healthcare.

17. In February of 2012, Kepfer was hospitalized with an Afib episode and had to remain in the hospital for several days.

18. On March 9, 2012, the Mayor issued a press release in which he stated his goals were to reduce costs to the city by reducing the workforce.

19. At the time of his discriminatory discharge, on or about April 2, 2012, Kepfer was the third highest paid officer working for the Bay St. Louis Police Department.

20. As supported by the charge filed with the Equal Employment Opportunity Commission incorporated herein by reference, Kepfer was unlawfully discharged on the eve of his 60th birthday because of his age and disability. (*See* Exhibit "A").

21. The City used a pretext for the discriminatory termination by fabricating unfounded and unsupported allegations that Kepfer violated Bay St. Louis Police Department policies and failed to properly supervise a subordinate during a murder investigation. The stated reasons for the adverse action (termination of employment) against Kepfer are either false or are

activities regularly condoned, encouraged, or overlooked by the City, and therefore constitute pretext for adverse actions against Kepfer.

## COUNT I
### Age Discrimination in Violation of the ADEA

22. Kepfer re-alleges and incorporates by reference all of the foregoing allegations as if they were fully set out herein.

23. Kepfer is a member of a protected class under the ADEA because he is over the age of 40. While he was employed with the Defendant, City of Bay St. Louis, he was qualified for the position of Detective Sergeant and excelled at this position.

24. The City subjected Kepfer to disparate treatment and terminated him because of his age in violation of the ADEA.

25. Kepfer's unlawful termination affected a "term, condition, or privilege" as envisioned by the ADEA. Similarly situated employees outside of Kepfer's protected class were treated more favorably.

26. The City's violation of the ADEA was knowing, willful, and in reckless disregard of the rights of Kepfer. As a direct and proximate result of the City's acts, Kepfer has suffered loss of employment compensation, privileges and benefits, and has suffered and continues to suffer distress, humiliation, expense, embarrassment, and damage to his professional reputation. Kepfer has suffered and will continue to suffer irreparable injury caused by the City's illegal conduct.

27. As a direct and proximate result of the City's unlawful age discrimination, Kepfer has sustained injuries and damages.

## COUNT II
## Discrimination Based on Disability in Violation of Title I of ADA

28. Kepfer re-alleges and incorporates by reference all of the foregoing allegations as if they were fully set out herein.

29. Kepfer is a member of the protected class who has a physical or mental impairment that substantially limits one or more of his major life activities or, in the alternative, is regarded as having such impairment. Therefore, Kepfer is "qualified individual with a disability" as defined in 42 U.S.C. § 12131(2).

30. Kepfer is qualified for the job, having the skill, training and twenty-two years of experience for the position of Detective Sergeant.

31. Kepfer's disability was a determining factor in the decision to terminate his employment.

32. As a direct and proximate result of the City's unlawful disability discrimination, Kepfer has sustained injuries and damages.

## COUNT III
## Civil Rights Claim under Civil Rights Act of 1871, 42 U.S.C. § 1983
### (Actions under Color of State or Local Law)

33. Kepfer re-alleges and incorporates by reference all of the foregoing allegations as if they were fully set out herein.

34. The City committed discrimination against Kepfer, who is due remedies based upon the Civil Rights Act of 1871, *as amended and codified*, 42 U.S.C. § 1983, as shown by the following allegations of the elements of a prima facie case.

35. Section 1983 provides a remedy (monetary, declaratory, and injunctive relief) for violations of "rights, privileges, or immunities secured by the Constitution and laws" committed by employers acting under color of State or local law. Therefore, Kepfer brings claims of

violation of the following laws through Section 1983 including the Fourteenth Amendment of the United States Constitution.

36. ***Acting under Color of State or Local Law.*** The City violated Kepfer's civil rights under Section 1983 and acted under the color of state and local law when the Bay St. Louis Police Department and the Mayor terminated his employment, due to his age and disability, as described in the Counts above. *Griffin v. City of Opa-Locka*, 261 F.3d 1295 (11th Cir. 2001).

37. The City acted under the color of state law when it deprived Kepfer of his federal rights, property interests and otherwise discriminated against him based upon his disability.

38. As a direct and proximate result of the City's violation of 42 U.S.C. §1983, Kepfer has sustained injuries and damages.

## COUNT IV
## Fourteenth Amendment Claim

39. Kepfer re-alleges and incorporates by reference all of the foregoing allegations as if they were fully set out herein.

40. ***Federal Rights Deprived under Fourteenth Amendment Clause.*** The City deprived Kepfer of his federal rights under the Fourteenth Amendment's Equal Protection and Due Process Clauses, by discriminating against him based upon age and disability, and by violating his due process rights when they terminated his employment, without a pre-termination hearing and in violation of the Bay St. Louis Civil Service Ordinance #328, as described in the Counts above and stated below.

41. ***Property and Liberty Interests Violated.*** Kepfer possessed a liberty and property interest in his job, retaining continued employment, and to a discrimination-free workplace. Kepfer's property interest was violated when he was terminated without a pre-termination

hearing and without a pre-termination opportunity to clear his name by presenting his side of the case. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 541 (1985). *See also Board of Regents of State Colleges v. Roth*, 92 S.Ct. 2701 (1972). Defendant, the City of Bay St. Louis through the Mayor and the Bay St. Louis Police Department, also violated Kepfer's property and liberty interests, as described by the actions listed in the Counts above.

42.  ***Intent to Discriminate and Violate Federal Rights.*** Intent to discriminate and violate Kepfer's federal rights is shown by the following facts:

    a.  Kepfer did not receive a pre-termination hearing as required.

    b.  The Bay St. Louis Police Department failed to follow the mandatory procedure which is a legal right of an Employee.

    c.  Other direct and circumstantial evidence of intent will be adduced during discovery and trial.

**COUNT V**
**Damages for Mental Anguish and**
**Emotional Distress under 42 U.S.C. §§ 1981 and 1983**

43.  Kepfer re-alleges and incorporates by reference all of the foregoing allegations as if they were fully set out herein.

44.  The City, by its actions as described in the counts above, has caused Kepfer emotional distress.

45.  Kepfer may obtain and is entitled to damages for emotional distress under his claims brought under 42 U.S.C. §§ 1981(2) and 1983.

**COUNT VI**
**Actual and Compensatory Damages**

46.  Kepfer re-alleges and incorporates by reference all of the foregoing allegations as if they were fully set out herein.

47. As a result of the above actions, Kepfer suffered loss of income, loss of promotion potential, emotional distress, job stress, and medical injuries and expenses, for which he is entitled to actual and compensatory damages under the statutes cited above, in addition to the punitive damages as plead herein.

### COUNT VII
### Punitive Damages

48. Kepfer re-alleges and incorporates by reference all of the foregoing allegations as if they were fully set out herein.

49. As result of the above actions, Kepfer may obtain and is entitled to punitive damages under his claims brought under 42 U.S.C. § 1983 and the ADA (42 U.S.C. 12117(a)).

WHEREFORE, PREMISES CONSIDERED, Kepfer prays that the Court grants such relief as may be appropriate, including injunctive orders, damages, pre-judgment interest, costs, and attorney's fees. Additionally, Kepfer requests the Court to award the following relief:

a. Reinstatement of Kepfer's employment as a Detective Sergeant with retroactive seniority and pay;

b. Back pay, including all economic remuneration and benefits, plus an additional amount to compensate for the difference in taxes paid for receiving a lump sum instead of the taxes he would have paid if there had been no discrimination;

c. Front pay or "red circle" pay, if reinstatement unto a "make whole" position is not immediately available;

d. Emotional injury damages for stress, trauma, and emotional distress caused the City's conduct;

e. Pre-judgment interest to compensate for inflation and loss of use of funds;

f. Compensatory damages;

g. Punitive/exemplary damages for unlawful intentional discrimination or for violation of the ADA;

h. An order placing Kepfer in the position that he would have been in had there been no violation of his rights;

i. An order enjoining/restraining the City of Bay St. Louis, and its Police Department, from committing further acts of discrimination;

j. An award of Attorney's fees, costs, and interest;

k. Any and all other remedies provided pursuant to Federal and Mississippi Law;

l. Any other appropriate nondiscriminatory measures to overcome the above described discrimination; and

m. Any other relief the Court deems appropriate.

Respectfully submitted, this the __6__ day of November, 2013.

JOSEPH KEPFER, III

By: _____
RUSSELL S. GILL (MSB #4840)
AUSTIN CLARK (MSB #104323)

RUSSELL S. GILL, P.L.L.C.
638 Howard Avenue
Biloxi, Mississippi 39530
Telephone: (228) 432-0007
Facsimile: (228) 432-0025